## VAN PATTEN & MARKS v. BURR ET AL.

1. **Assignment**: FOR BENEFIT OF CREDITORS: PREFERENCE. Where the defendant executed chattel mortgages for the benefit of certain creditors, and immediately thereafter, and on the same day, a deed of general assignment for the benefit of all his creditors, it was held that the execution of the instruments together constituted a single transaction, a general assignment, which was void under section 2115 of the Code, not being for the benefit of all creditors in proportion to the amount of their respective claims. The case distinguished from *Lampson & Powers v. Arnold*, 19 Iowa, 479.

*Appeal from Scott Circuit Court.*

MONDAY, DECEMBER 8.

ACTION in chancery to set aside a general assignment for the benefit of creditors and certain chattel mortgages executed by defendant Joshua Burr, to the end that the property covered thereby may be made subject to a claim held by plaintiffs against Burr, upon which an action by attachment has been commenced. A demurrer to plaintiff's petition was sustained. Plaintiffs appeal.

*Stewart & White*, for appellants.

*George E Hubbell*, for appellees.

BECK, CH. J.—I. The petition alleges that defendant Joshua Burr is indebted to plaintiff in the sum of $1,198, and to recover the sum an action by attachment has been commenced; that while so indebted to plaintiff, the defendant, quoting the language of the petition, "in contemplation of insolvency and being then insolvent, made, executed and delivered in writing a general assignment of his property, for the benefit of his creditors, contained in three instruments executed by him;" that the first of these instruments, referred to in the petition as exhibit A, is a chattel mortgage upon all personal property owned by defendant in a building occupied by him, except such as is exempt by law from execution, and upon all books and promissory notes held by him, to secure

the mortgagee on account of the indebtedness of the mort-gagor, or liability as his surety; the instrument authorizes Ruch to take immediate possession of the property conveyed, and makes provision for the sale thereof.   The second instru-ment, exhibit B, is of like effect and covers the same property and is intended to secure Mary R. Burr, alleged to be the wife of the mortgagor, on account of his indebtedness to her.   This instrument expressly provides that it shall be subject and infe-rior to the mortgage to Ruch.   The third instrument, exhibit C, is a general assignment of all the estate, both real and per-sonal, of the assignor, Burr, to Charles A. Waterman for the benefit of his creditors.   Property exempt from execution is expressly excepted, and the instrument provides that it is sub-ject and inferior to the chattel mortgages above mentioned. The petition proceeds to aver, in language which we quote:

" That said instruments were intended and do constitute as a whole a general assignment of his property for the benefit of creditors; that said instruments were drawn up and pre-pared by the attorney of Joshua Burr, Mary R. Burr, and John Ruch, at and by the request of defendants Joshua Burr and John Ruch, as plaintiffs are informed and believe, and which request was communicated to said attorney at one and the same time; that each of said instruments was, on said 30th day of November, 1878, acknowledged by defendant Joshua Burr at one and the same time, and before the same notary public; that thereafter, upon the same day, and in pur-suance of a verbal understanding had at and before the execu-tion of said instruments between said defendants, Joshua Burr and John Ruch, therefor, said attorney still continuing to act for all of said defendants, caused the said instrument referred to as exhibit A to be filed for record in the office of the recorder of Scott county, at two o'clock and fifty-four minutes P. M. of said day, and the said instrument referred to as exhibit B to be filed for record in the office of said recorder at three o'clock P. M. of of said day, and the instrument referred to as exhibit C to be filed in the office of the clerk of this court at about five o'clock and thirty minutes P. M. of said day; that in said undertaking, as aforesaid, defendant Joshua Burr acted for

himself, and also professed to act for and in behalf of defendant Mary R. Burr, his wife, but, as plaintiffs are informed and believe, without any previous consultation in relation thereto between himself and his said wife; that it was also agreed verbally, at and before the execution of said instruments, between said defendants Joshua Burr and John Ruch, that prior to the time of filing said instrument referred to as exhibit C the said defendant John Ruch should demand possession of the property enumerated in exhibit A, and defendant Joshua Burr should thereupon surrender the same to him, and that a similar surrender of possession of said property should immediately thereafter be made to defendant Mary R. Burr; that the said several understandings and agreements were so made with the intent to give a preference to said defendants, John Ruch and Mary R. Burr, in the collection and payment of the respective debts alleged to be due them, over the collection and payment of the indebtedness due to plaintiffs and other creditors of said defendant Joshua Burr; that, as plaintiffs are informed and believe, the said instruments referred to as exhibits A and B were not, in fact, at the date of their execution, to-wit.: November 30th, 1878, delivered by said defendant Joshua Burr to said defendants John Ruch and Mary R. Burr, but were taken possession of by said attorney, who was then and there acting as attorney for each of said defendants Joshua Burr and John Ruch, and also acting as attorney for defendant Mary R. Burr, at and by the request of defendant Joshua Burr, to the office of said recorder as aforesaid, and said instruments did not come into the possession of said defendants, John Ruch and Mary R. Burr, until after the filing of said instrument referred to as exhibit C, in the office of the clerk of this court.

"Plaintiffs further state, upon information and belief, that immediately after the filing of said instrument referred to as exhibit C the said defendant Joshua Burr voluntarily delivered to defendants John Ruch and Mary R. Burr the property embraced and described in said instruments referred to as exhibits A and B, and that said defendants John Ruch and

Mary R. Burr thereupon took possession of the same, and still retain such possession."

A demurrer to the petition on the ground that it does not state facts which entitle plaintiff to the relief demanded was sustained. The correctness of the ruling is the only subject of inquiry demanding our attention.

II. The plaintiff insists that the three instruments are to be considered as but one transaction, which amounts to an assign-

1. ASSIGN-
MENT: for
benefit of
creditors:
preference.

ment of all of Burr's property for the benefit of his creditors, and is not valid for the reason that it does not equally provide for all, but gives preference to the creditors to whom the chattel mortgages were executed. The position is based upon Code, section 2115, which is as follows:

"No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of all his creditors shall be valid unless it be made for the benefit of all his creditors in proportion to the amount of the respective claims."

The transaction contemplated in this provision and termed a "general assignment" is a disposition of *all* the property of the insolvent for the benefit of all his creditors. Section 2117 provides that *all* his property shall pass by the assignment, whether it be specifically described or not. The section quoted provides that *all* the creditors shall share in the benefits of the assignment, in proportion to the amount of their respective claims. The manner of the disposition of the property contemplated is not prescribed by the statute, further than that it shall be by an instrument in writing acknowledged and recorded as conveyances of real estate, and shall have annexed thereto an inventory of the insolvent's property, and a list of his creditors, under oath.

There is nothing in the statute, nor is there any principle of law, which forbids such an assignment to be made to more than one assignee or trustee, by more than one instrument, if they all, together, constitute in fact but one transaction. Indeed, this court has ruled that it may be made in that manner, that several instruments, being but one transaction, may con-

stitute an assignment. *Burrows et al. v. Lehndorff*, 8 Iowa, 96; *Cole v. Dealham*, 13 Id., 551.

The petition shows that all of Burr's property was covered by the several instruments, for the benefit of *all* of his creditors. There was no sale of the property to the creditors for the payment of debts, but the instruments contemplate that it shall be sold and the proceeds appropriated to the creditors. The priorities of the several instruments determine the disposition of the proceeds realized from the property. Under the provisions of the instruments the assignment is not "for the benefit of all the creditors in proportion to the amount of their respective claims."

Now, had such disposition been made by *one* instrument it would be invalid beyond dispute, because in conflict with the statute above quoted.

Can it be held valid if made by more than one? No reason can be given to support an affirmative answer.

It will be observed the petition alleges that the several instruments were intended to constitute a general assignment. for the benefit of creditors; the facts averred clearly show that the execution of the three instruments was a contrivance to enable the insolvent to prefer certain creditors, without making payment to them, in the assignment of all his property. This is the very thing that the statute above quoted forbids. *Burrows et al. v. Lehndorff*, 8 Iowa, 96; *Cole v. Dealham*, 13 Iowa, 551. We conclude that under the allegations of the petitions the several instruments constitute one transaction, an assignment for the benefit of creditors, and that it is invalid for the reason that the creditors do not, under it, receive the proceeds of the property in preportion to the amount of their several claims.

III. Counsel for appellees insist that the decision of the court below is sustained by *Lampson & Powers v. Arnold*, 19 Iowa, 479. We think it may be readily distinguished from the case before us.

In that case the insolvent simultaneously with the execution of the assignment conveyed lands in *payment* of one creditor, and discharged another debt by payment of money, and a

third by payment partly in money and partly by the transfer of promissory notes. The court held that the insolvent had the right in that way to prefer creditors. It will be observed that the opinion is based upon the right of the insolvent to appropriate his property while he may exercise over it the *jus disponendi*, the statute simply limiting his right to prefer creditors where he makes a general assignment. The court rightly held that the payment by the insolvent and the assignment did not constitute one transaction. This is true for the obvious reason that an assignment is the transfer of property to a trustee to be converted into money and the proceeds thus realized to be appropriated to the payment of debts. *Cowles & Co. v. Ricketts*, 1 Iowa, 582, (585). By payment the money or the property is transferred directly to the creditor, who acquires title thereto by the transaction from the creditor himself. Thus it will be seen that payment could not be a part of a transaction, an assignment, by which the property is conveyed in trust to an assignee or trustee. The character of the assignment, therefore, would not be affected by payment, which is no part of it. The insolvent, as long as he retains the *jus disponendi* of his property, may appropriate it to the payment of his debts, and may prefer creditors. He may use all his property this way, or he may so use a part and make a general assignment of the remainder. The payment and assignment cannot, obviously, be regarded as one transaction, and each will be valid. This is the doctrine of *Lampson & Powers v. Arnold, supra.*

But if, with the intention of disposing of all his property for the benefit of his creditors, he mortgages a part and assigns the remainder, these constitute one transaction. The property passes to the mortgagee and assignee in trust, to be disposed of as required by law, and the conditions of the instruments he executes. The law as announced by this court in *Burrows v. Lehndorff, supra,* and *Cole v. Dealham, supra,* regards the transaction as an assignment; and if a part of the creditors are preferred, it is void under the statute above quoted.

In our opinion the Circuit Court erred in sustaining the demurrer to plaintiff's petition. Its judgment is, therefore,

REVERSED.