Fleisher and others *v.* Greenwald and others.

(*Circuit Court, N. D. Iowa, W. D.* June 23, 1884.)

1. JURISDICTION OF FEDERAL COURTS—DEEDS OF ASSIGNMENT.
   A United States circuit court may entertain jurisdiction of a bill to set aside as fraudulent a deed of assignment at suit of a resident of a state other than that of the assignor and assignee, when the amount involved exceeds $500.
2. SAME—ADJUDICATION OF STATE COURT—EFFECT IN OTHER STATE.
   One who is not resident in the same state with a certain mortgagor, is not bound by an order of the state court adjudicating the validity of the mortgage as against his equities.

In Equity.

*J. H. Struble, J. H. Swan,* and *A. J. Taylor,* for complainants.
*Joy & Wright* and *Lake & Harmon,* for defendants.

SHIRAS, J. From the averments of the bill filed in this cause it appears that during the year 1882, and for some time previous thereto, Samuel Greenwald was engaged in the mercantile business at Le Mars, Iowa. On the twenty-seventh of November, 1882, he executed a chattel mortgage on his entire stock in trade, and store furniture and fixtures, to the First National Bank of Le Mars, to secure the payment of four promissory notes of $1,000 each, two of which were then past due, but which were, by the provisions of the mortgage, extended to December 10, 1882. This mortgage was recorded December 5, 1882. On the fourth of December, 1882, said Greenwald executed four other mortgages on the same property to secure four notes of $1,000 each held by the First National Bank of Independence,—one note of $1,000 due Jane Myers, one note of $500 due August Myers, and one note of $2,000 due Jennie Greenwald; and on the fifth of December, 1882, he executed two mortgages on said property to O'Brien Bros. and August Myers to secure the sums of $800 and $1,347.25; and on the sixth of December, 1882, he executed a further mortgage on the same property to James Hopkins & Co. to secure payment of the sum of $2,500. On the seventh of December, 1882, C. Gotzian & Co., of St. Paul, brought an action in attachment, in the district court of Plymouth county, Iowa, against Greenwald, the attachment being levied on the stock of goods described in the mortgages. Thereupon the First National Bank of Le Mars brought an action in replevin in the circuit court of Plymouth county, Iowa, against the sheriff of said county, claiming the right to the possession of the goods seized under the attachment by virtue of the chattel mortgage above described. The goods were taken upon the writ of replevin, and delivered to the First National Bank of Le Mars. On the eleventh day of December, 1882, said Greenwald executed a general deed of assignment, for the benefit of his creditors, to Pitt A. Seaman. In the mean time John V. Farwell & Co., A. L. Singer & Co., and David Adler & Sons, creditors of Greenwald,

FEDERAL REPORTER.

brought action at law in the United States circuit court against Green-wald, writs of attachment being sued out in each case. These writs were served by the marshal by seizing the goods then in possession of the First National Bank of Le Mars. Upon motion made in the United States circuit court, it was held that the goods in the possession of the First National Bank were within the custody and control of the state court, the bank having gotten possession thereof by the writ of replevin sued out in that court, and being bound to obey the final order of that court, which might adjudge a return of the goods on part of the bank. For this reason it was held that these goods were not subject to be levied upon by virtue of the writs of attachment issued from the United States court, and the marshal was ordered to deliver up possession thereof to such person as the state court should designate. At the April term, 1883, of the circuit court of Plymouth county, in which was pending the replevin suit brought by the First National Bank of Le Mars, it was proven in that cause that the debt due the bank had been paid from sales of the mortgaged property, and the bank disclaimed any further interest in said goods, and it also appeared that the claim due C. Gotzian & Co. had been paid, and the attachment suit had been dismissed. Thereupon the other mortgagees and Pitt A. Seaman, the assignee, appeared by intervention in that cause, and procured an order from the state court directing the First National Bank of Le Mars to deliver up possession of so much of the stock as remained in its hands to the assignee, subject to the chattel mortgages thereon, the assignee being directed to pay them in the order in which they were given. The assignee, who had previously filed his bond in the circuit court of Plymouth county, received the goods under this order. To these proceedings in the state court the complainants were not parties. In the mean time the complainants had procured judgment in the United States court against Greenwald for the sum of $1,072.50, and issued execution thereon, garnishing the several mortgagees and the assignee. On the fourteenth of July, 1883, complainants filed the present bill in equity in this court, making Greenwald, the several mortgagees, and the assignee defendants, and charging that the chattel mortgages executed by said Greenwald are fraudulent and void against creditors, and that the assignment made to Seaman was not in good faith for the benefit of creditors, but was made for the purpose of aiding the mortgagees to secure the property under their mortgages, and to prevent creditors from asserting their rights and equities against the mortgages. To this bill the mortgagees and assignee interpose demurrers, and the case is now before the court upon the questions thus presented.

The first point made in argument is that this court, in ordering the attached property to be delivered up by the marshal, has recognized the fact that the property is under the control of the state court in such sense that it cannot be reached by any process from, or order made by, this court, and therefore this bill should not be

entertained. Upon the motions made in the attachment proceedings it was held that the property replevied in the state court by the First National Bank of Le Mars could not be attached on process from this court, because it belonged to the state court to determine in the replevin suit whether the property should, or should not, be returned to C. Gotzian & Co., from whom it was taken. The proceedings in the replevin suit have been wholly terminated. When the replevin action came before the state court for adjudication, it appeared that the debt due Gotzian & Co. had been settled, and they disclaimed any further interest in the goods. It also appeared that the debt of the bank had been paid, and thereupon it delivered up possession of the goods, under the order of the court, to the assignee. This terminated the control of the state court over the goods in the replevin proceedings.

The questions now presented arise under the assignment proceedings, and are not affected by the orders made in the replevin proceedings. The possession of the court under the latter proceeding was ended when the court, by its own order, directed the goods to be delivered to the assignee. The main question at issue is presented in a twofold aspect; *i. e.,* (1) whether this court can entertain jurisdiction of the issues touching the validity of the deed of assignment; and (2) can it entertain jurisdiction of the issues touching the validity of the chattel mortgages?

Upon the first question, it is strongly contended in the argument, that the property in the possession of the assignee under the deed of assignment is under the control and possession of the state court wherein the assignment proceedings are pending, in such sense that no other court can properly exercise jurisdiction over questions affecting the property; or, in other words, that the jurisdiction of that court is exclusive in the premises. When the question to be determined pertains solely to the mode of administering the trust, and the procurement of the orders necessary for its proper enforcement, under the provisions of the statute of Iowa, it may well be that no other court will interfere therewith. *Perry* v. *Murray,* 55 Iowa, 420; S. C. 7 N. W. Rep. 46, 480. When, however, the question is as to the validity of the deed of assignment itself, can it be said that no other court can properly entertain jurisdiction thereof? The assignee having accepted the trust under the deed, is not in a position to question its validity. The deed may be perfectly valid between the assignor and the assignee, and yet invalid and void as against one or all of the creditors. Strictly speaking, the property covered by the deed of assignment is not in the possession of the court wherein the assignee files his bond and inventory, and to which he reports his doings, as provided for in the state statute. The title and possession pass from the assignor to the assignee by virtue of the deed of assignment and the possession taken thereunder. The assignee is not appointed by the court, nor is the property taken by virtue of any writ, process, or

order of the court. The execution and delivery of the deed of assignment create a trust in the assignee, and, under the provision of the state statute, the court in which the assignee files his bond becomes charged with the duty of enforcing the trust, and to that end has full control over the assignee. In order to enable that court to properly discharge the duty thus imposed upon it, it is doubtless true that no other court will attempt to control the distribution of the funds realized from the property under the deed of assignment. In this respect the control of the court, in which the assignment proceedings may be pending is akin to the control of probate courts over the distribution of estates of decedents. In such cases, however, other courts may entertain jurisdiction of many questions which exist between creditors and others interested, and the executor may be called into other courts for the purpose of determining questions which are connected with the course of administration.

Thus, in *Payne* v. *Hook*, 7 Wall. 425, it was held that the United States circuit court had jurisdiction of a suit in equity against an administrator, filed for the purpose of calling him to account for the manner in which he had performed his duties as administrator, and requiring him to pay over the proper amount coming to complainant as one of the distributees of the estate.

In *Yonley* v. *Lavender*, 21 Wall. 276, it was ruled that a creditor might sustain a bill in the United States court to compel an administrator to convert the assets of an estate into money and apply the same in payment of the debts.

In *Shelby* v. *Bacon*, 10 How. 56, the complainant filed a bill in equity in the United States circuit court for the Eastern district of Pennsylvania against John Bacon and others, to whom the bank of the United States had executed an assignment for the benefit of creditors, praying a decree that the assignees be required to pay the debts due complainants. The defendants pleaded to the jurisdiction, on the ground that the assignment was under the control of the court of common pleas of Philadelphia, which court had ample powers to enforce the trust. The supreme court held that the plea was insufficient, ruling that if the assignees "had reduced to possession the whole amount of the assets of the bank, and held them ready for distribution, could it be doubted that the complainant would have a right to file his bill in the circuit court, not only to establish his claim against them, but also for a proportionate share of the assets? The circuit court could not enjoin the court of common pleas, nor revise its proceedings, as on a writ of error, but it could act on the assignees, and enforce the rights of the plaintiff against them."

In *Gaines* v. *Fuentes*, 92 U. S. 10, it appeared that a will had been duly admitted to probate in the proper court of the state of Louisiana. A bill to annul the instrument and have the same declared void was brought in the state court of Louisiana by complainant, who was a citizen of New York, the defendants being citizens of Louis-

iana. Complainant removed the cause into the United States circuit court, and the question of the jurisdiction of the United States court was carried to the supreme court, which held that the jurisdiction existed.

In *Ellis* v. *Davis*, 109 U. S. 485, S. C. 3 Sup. Ct. Rep. 327, it is held that the United States circuit courts, as courts of equity, have no general jurisdiction of the question of affirming or annulling the probate of a will; yet if, by the law obtaining in a state, a suit to annul and set aside the probate of a will, can be maintained in the courts of the state, it may also be maintained in the federal court, when the parties on one side are citizens of the state where the will is proved, and on the other, are citizens of other states.

Under the statutes of Iowa, the circuit court of the state is clothed with probate powers, and by section 2553 of the Code it is enacted that "wills, foreign and domestic, shall not be carried into effect until admitted to probate as hereinbefore provided; and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding."

In *Leighton* v. *Orr*, 44 Iowa, 680, following *Havelick* v. *Havelick*, 18 Iowa, 414, and *Gilruth* v. *Gilruth*, 40 Iowa, 346, it was held that the *district* court of the state had jurisdiction of an original proceeding to annul and set aside a will which had been duly admitted to probate in the proper circuit court.

Under these several decisions, it is clear that this court could entertain jurisdiction of an original proceeding to annul and set aside a will which had been admitted to probate in the circuit court of the state, provided the parties in interest were citizens of different states, and the amount involved exceeded $500. Why, then, may it not, under like circumstances, entertain jurisdiction of a bill to set aside as fraudulent a deed of assignment? The state courts unquestionably have jurisdiction to entertain an original proceeding, either at law or in equity, attacking the validity of an assignment. *Van Patten* v. *Burr*, 52 Iowa, 518; S. C. 3 N. W. Rep. 524. Indeed, it is not perceived how the validity of an assignment can be determined, save in a proceeding other than the mere assignment proceeding, and which is therefore, as to it, an original cause. There is no provision in the chapter of the Code of Iowa regulating assignments which provides a mode for testing the validity of the deed of assignment. Whether the attack be made by garnishing the assignee and raising the issue upon his answer, or by levying a writ of attachment or execution on the property, or by a bill in equity, the proceeding is not a part of the administration under the deed of assignment, but is an independent cause, and jurisdiction thereof is not confined to the court in which the assignee has filed his bond. Any one whose legal rights are affected thereby may contest the validity of the assignment, and to that end may invoke the aid of either the district or circuit court of the state; and if he is a citizen of a state other than that of

which the assignor and assignee are citizens, and the amount involved exceeds $500, he may invoke the aid of the United States circuit court. *Adler* v. *Ecker*, 1 McCrary, 256; S. C. 2 FED. REP. 126.

In the case under consideration the complainants are citizens of Illinois, and the defendants are citizens of Iowa, the amount involved being over $500. Under these circumstances, it is clear that complainants have a right to contest the validity of the assignment, and no reason exists why this court may not entertain a bill in equity filed for that purpose.

2. Upon the question of the jurisdiction of the court to hear and determine the issues touching the validity of the mortgages, it is first urged in argument that the order made by the circuit court of Plymouth county in the action in replevin, wherein it was found that the several mortgages were valid liens upon the property, paramount to the assignment, and entitled to be first paid out of the proceeds realized from the goods, is an adjudication, binding on complainants, of the question of the validity of the mortgages. It will be remembered that complainants were not parties to this proceeding. The utmost that can be claimed for this order is that it establishes, as against the assignee, the validity of these several mortgages, and determines that the assignee takes only the interest of the assignor in the property left after payment of the mortgages. Under the statute of Iowa, regulating assignments for the benefit of creditors, the assignee succeeds to the rights of the assignor, and does not represent the equities of the creditors arising from matters *dehors* the deed of assignment. *Rumsey* v. *Town, post*, 558. As the complainants were not parties to the proceedings in the circuit court of Plymouth county, and as their right to contest the validity of the mortgages is not derived from the deed of assignment, and as this right was not represented by the assignee, it follows that the order and judgment of the circuit court of Plymouth county is not binding upon complainants as an adjudication of the validity of the mortgages as against the equities of complainants.

The further point made, that this court will not entertain jurisdiction of the question of the validity of these mortgages, for the reason that all such questions should be determined in the assignment proceedings, has been fully considered, and decided adversely to the position of defendants, in the case of *Simon* v. *Openheimer, post*, 553. And, following the ruling made in that cause, it must be held that the point is not well taken.

Considerable stress is laid in the argument, on behalf of defendants, upon the point that the entire right of complainants to maintain their bill is based upon the fact that a writ of garnishment had been served upon the several mortgagees and upon the assignee. If the service of the writ in question created an equitable lien upon the property, then it is clear that, to properly enforce it, it is necessary that the validity of the mortgages and deed of assignment shall be de-

termined, and to that end a bill in equity is a proper remedy. If the service of the writ of garnishment created no lien upon the property, still it appears that complainants are judgment creditors, and are entitled to a creditor's bill to reach the property of the debtors, and to that end are entitled to question the validity of conveyances made by their debtor with intent to hinder, delay, and defraud creditors.

It has been strongly urged in the argument that the allegations of fact in the bill contained are not sufficient to justify granting any relief to complainants. The points presented, however, are not such as can be fully and properly heard on the demurrer, and their further consideration will be postponed until the evidence is submitted.

The demurrers are therefore overruled, with leave to defendants to answer in 30 days.