Van Brunt, P. J., and Daniels, J., concurred.

Judgment affirmed.

TIMOTHY M. SPELMAN and WILLIAM C. SPELMAN, Respondents, v. MORITZ FREEDMAN and CHARLES J. FREEDMAN, Appellants, Impleaded with Others.

54  409
55a 389
54  409
59  532
127a 289
54  409
130a 421

*Assignment — invalid where, in contemplation thereof and immediately prior thereto, judgments are confessed and executions are levied on the property — 1887, chap. 503.*

In an action, brought to set aside certain judgments and executions, upon the ground that the judgments were in violation of chapter 503 of the Laws of 1887, in reference to assignments for the benefit of creditors, the complaint alleged that the plaintiffs were general creditors of the assignor, that an assignment was made by her of all her property for the benefit of her creditors, but that immediately prior to the execution thereof she confessed judgments in favor of certain of her creditors, who were also preferred by the terms of the assignment, upon which judgments executions were issued to the sheriff, who made a levy thereunder on the entire stock and property of the assignor just before the delivery of the assignment; that these judgments, and the proceedings taken thereunder, were for the purpose of preferring the judgment-creditors to the extent of more than one-third in value of the assigned property.

That the plaintiffs had notified the assignee of these facts and requested him to bring an action to set aside the judgments, executions and levies, which he had refused to do, and they asked, on behalf of themselves and other creditors, that the judgments, executions and levies be set aside, that the property levied upon in the hands of the sheriff be directed to be turned over to the assignee for distribution to the creditors of the assignor, including the plaintiffs, pursuant to the directions of the assignment.

*Held,* that as this was not a creditor's bill seeking the application of property to the plaintiffs' debt exclusively, but was brought to secure the appropriation of the assignor's property, according to the terms of the assignment, to the creditors generally, it was properly brought.

Where a debtor has formed the determination to voluntarily dispose of his whole estate, and has entered upon the execution of that determination, it is immaterial into how many parts the execution thereof may be divided. The law will regard all his acts, having for their object and effect the disposition of his estate, as parts of a single transaction.

It was the intention of the legislature, that when a general assignment for the benefit of creditors was contemplated, it should provide for the disposition of all the debtor's property at the time of the formation of the determination to make the assigment, and that it should not in its general effects, be anticipated by a partial and preferential distribution of the estate.

APPEAL by the defendants from an interlocutory judgment entered in the office of the clerk of the county of New York November 2, 1888, overruling demurrers interposed to the complaint, in an action brought to set aside a judgment and execution.

*A. Blumenstiel,* for the appellants.

*J. W. Boothby,* for the respondents.

BRADY, J. :

This action is brought to set aside a judgment and execution entered and issued in favor of the above-named defendants, upon the ground that the judgment was a violation of chapter 503 of the Laws of 1887, in reference to assignments for the benefit of creditors. The plaintiffs are general creditors having no judgments or liens of any kind.

The plaintiffs, on the 14th of May, 1888, were, as already suggested, creditors of the defendants. On that day the defendant Sowsman made an assignment of all her property to the defendant Phelps for the benefit of her creditors, including the plaintiffs. On the same day, immediately prior to the execution of the assignment in which they were also preferred, and while it was in contemplation, she gave to the defendants, E. S. Jaffray & Co., Sigismund & Friedman Bros. judgments, by confession, amounting together to the sum of $6,996.95, which was greater than the one-third of the assets of the assignor. Executions were issued on these judgments to the sheriff, who made a levy under them on the entire stock and property of the defendant, the assignor, just before the delivery of the general assignment, and proceeded to advertise the stock so levied upon for sale. The plaintiffs claim that these judg-

ments and the proceedings taken to enforce them were for the purpose of preferring the judgment-creditors named in them out of the assignors assets for more than one-third thereof, after the assignment had been determined upon, and for the purpose of preferring such persons out of her property in fraud of the assignment, and to prevent its assets from going into the hands of the assignee and being distributed to the plaintiffs and other creditors pursuant to the statute. It is also alleged that the plaintiffs notified the defendant assignee of these facts and requested him to bring an action as such, to set aside the judgments executions and levies, and that he refused ; and they asked, on behalf of themselves and other creditors, that the judgments, executions and levies be set aside ; that the property levied upon, in the hands of the sheriff, be directed to be paid over to the assignee, for distribution to the creditors of the defendant Sowsman, including the plaintiffs, pursuant to the directions of the assignment.

It is objected that the plaintiffs not being judgment-creditors have no lien upon the property seized, and cannot, therefore, maintain this action. It will be observed that the plaintiffs claim no special advantage for themselves, but that the property levied upon be secured for the assignee and to be distributed under the terms of the assignment. It is not a creditor's bill seeking the application of property to the plaintiff's debt exclusively, and the right to maintain such an action as this, the object of which is to secure the appropriation of the property according to the assignment to the creditors generally, has been declared in several cases.

In the case of *Dewey* v. *Moyer* (72 N. Y., 78), which was an action brought to set aside a fraudulent conveyance of a bankrupt made prior to his bankruptcy, the court said : " If the assignee should refuse or neglect to sue for and reclaim property fraudulently transferred it is abundantly established that the creditors may commence an action to reach the property, making the assignee the debtor and his transferees parties defendant ; and in such an action the property will be administered directly for the benefit of the creditors," citing a number of cases to sustain the proposition, and the same doctrine was reiterated in *Crouse* v. *Frothingham* (97 N. Y., 113).

In such an action as this the object is to secure for general distri-

bution property fraudulently disposed of by the assignor and place it in the hands of the assignee that it may be distributed according to the general provisions of the assignment. Such a right, if it did not exist by adjudication, should be established and pronounced, not only as very reasonable, having all the attributes of a common sense view, but as important to the administration of justice. The plaintiffs having the right to establish their assertion that the judgments were fraudulently executed, as in contravention of the Laws of 1887, as already suggested, the question is whether that proposition is maintained. Section 30 of chapter 503 of the Laws of 1887, amending the act in relation to assignments is as follows: "In all general assignments of the estates of debtors for the benefit of creditors hereafter made, any preference created therein (other than for the wages, etc.) shall not be valid except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust; and should said one-third of the assets of the assignor or assignors be insufficient to pay in full the preferred claims to which, under the provisions of this section, the same are applicable, then said assets shall be applied to the payment of the same *pro rata* to the amount of each said preferred claims."

It is to be observed that this provision has reference to preferences in general assignments, the language being "in all general assignments of the estates of debtors for the benefit of creditors hereafter made any preference created therein," etc. Here the alleged violation of the statutes is not in anything in the assignment, but relates to confessions of judgment made prior to the execution and delivery of the assignment. A great many cases have been cited by the respective counsel in reference to the provisions in different States relative to general assignments, and great industry has been displayed in the collation of them bearing upon the subject. But the proposition advanced on behalf of the appellant seems to be established, namely, that while in many States of the Union there are provisions prohibiting preferences in general assignments, nevertheless it has been held that confessions of judgment and other securities given prior to their execution and in contemplation thereof are not in violation of the provisions of the statutes. For example, *In re Gallagher's Appeal* (7 Atlantic Rep., 237) the

assignment was executed on the morning of the 17th of March, 1885. On the day prior thereto, and probably in anticipation thereof, the assignor confessed two judgments in favor of two firms, aggregating about $40,000, and the court held, although by the laws of Pennsylvania the debtor had no right to prefer any creditor in the deed of assignment, this did not preclude him from preferring a creditor prior to its execution while he still retained dominion, of his property, and the decision of the case rests upon that doctrine. (See, also, *Lake Shore Banking Co.* v. *Fuller*, 1 Cent. Rep., 109; *Gallagher's Appeal*, 5 id., 725; 114 Penn. St., 353; *Gage* v. *Perry*, 69 Iowa, 605; *Gilbert* v. *McCorkle*, 8 Western Rep. [Ind.], 916; *Gummersell* v. *Hanbloom*, 1 id. [Mo.], 717; *Blakey's Appeal*, 7 Penn. St., 449; *Hutchinson* v. *McClure*, 20 id., 63; *Garretson* v. *Brown*, 26 N. J. L., 425; *Bates* v. *Coe*, 10 Conn., 280; *Perry* v. *Holden*, 22 Pick., 269; *Fairbanks* v. *Haynes*, 23 id., 323; *Lampson* v. *Arnold*, 19 Iowa, 479; *Van Patten* v. *Burr*, 52 id., 518).

On the other hand in the case, however, of *Preston* v. *Spaulding* (120 Ill., 208), where a kindred question was considered and disposed of, it must be said that a different conclusion was arrived at by the court, although it seems to have been based chiefly upon the ground that the statute was silent as to the form of the instrument or instruments by which the insolvent debtor might effectuate an assignment. The court however, said, in discussing the statute, " It will be observed this act does not assume to interfere, in the slightest degree, with the action of a debtor while he retains the dominion of his property. Notwithstanding this act, he may now, as heretofore, in good faith sell his property, mortgage or pledge it to secure a *bona fide* debt, or create a lien upon it by operation of law, as by confessing a judgment in favor of a *bona fide* creditor. But when he reaches the point where he is ready and determines to yield the dominion of his property, and makes an assignment for the benefit of his creditors under the statute, this act declares that the effect of such assignment shall be the surrender and conveyance of all his estate, not exempt by law, to his assignee, rendering void all preferences and bringing about the distribution of his whole estate, equally, among his *bona fide* creditors;" and the court held that it was within the spirit and intent of the statute, that when the debtor has formed the

determination to voluntarily dispose of his whole estate, and has entered upon that determination, it is immaterial into how many parts the performance or execution of his determination may be broken; the law will regard all his acts, having for their object and effect the disposition of his estate, as parts of a single transaction. And this case is referred to in *White* v. *Cotzhausen* (129 U. S., 343) with approbation. And in the consideration of the statutes of other States prohibiting assignments containing preferences and acts kindred to those charged against the assignor in this case, it has been held that the statute was violated, and the reasoning of *Preston* v. *Spaulding* seems to have commended itself as the more convincing upon the subject than that contained in the Gallagher case. (*Clapp* v. *Nordmeyer*, 25 Fed. Rep. [Mo.], 71; *Berry* v. *Cutts*, 42 Me., 445; *Holt* v. *Bancroft*, 30 Ala. [N. S.], 195; *Van Patten* v. *Burr*, 52 Iowa, 518; *Fuller* v. *Hasbrouck*, 46 Mich., 81; *Hememan* v. *Hart*, 20 N. W. Rep., 792–798; *Perry* v. *Holden*, 39 Mass. [22 Pick.], 277; *Livermore* v. *McNair*, 34 N. J. Eq., 478.)

Our statute, however, is different from those of other States, for the reason that it allows a preference to the amount of one-third in value of the assigned estate, after deducting certain things enumerated, thus recognizing, but limiting the right which existed before the prohibitory statute was passed, of a debtor's appropriating his property by preference, if he chose to do so. But it was evidently the intention of the legislature that if a general assignment for the benefit of creditors were contemplated, it should embrace the disposition of all the debtor's property at the time of the formation of the determination to make the assignment, and that it should not, in its broad and general effects, be anticipated by a partial and preferential distribution of his estate. The right to the preference, in other words, must be exercised in the assignment, and not otherwise. This would place the whole estate in the hands of the assignee, subject to the preferences as expressed, and would enable him to make a better disposition of it than could be accomplished by a sale under judgment and execution, and would thus carry out the design of the legislature and effectuate the legal purpose of the assignor in making his assignment. The defendants are not deprived of their interest, under the statute, in the proceeds of the estate, by reason of their attempt to obtain an illegal preference.

They can still participate in such proceeds to the extent to which they are entitled by the legal terms of the assignment relative to them, or the provisions of the statute. ( *White* v. *Cotzhausen.*)

For these reasons, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.