### KESSELL *v.* DRUCKER.

*(Supreme Court, Special Term, New York County.　June, 1889.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES.
   A confession of judgment made in contemplation of a general assignment for benefit of creditors, with intent to create a preference, illegal under the assignment, is void.
2. SAME—RIGHTS OF CREDITOR.
   Where an assignee, at the request of a creditor, refuses to sue to set aside such a confession, a creditor can do so in aid of the assignment.

At law.

*Blumenstiel & Hirsch,* for plaintiffs.　*S. D. Levy,* for defendants.

PATTERSON, J.　This cause comes within the rule declared in *Riessner* v. *Cohn,* 1 N. Y. Supp. 161, and other cases decided at the special term of this court,[1] which hold that voluntary transfers of property, and confessions of judgment made contemporaneously with a general assignment for benefit of creditors, are to be regarded as part of the act of assignment, and as being intended to make a disposition of property nominally and in form independent of the assignment, but virtually connected with it.　Particularly as to confessions of judgment upon which executions may at once issue, and levy and sale be made, they are to be regarded as a method of securing creditors, who are to be favored contrary to the provisions or policy of the law respecting preferences in assignments for the benefit of creditors.　Following the ruling of Judges LAWRENCE and ANDREWS in similar cases in this judicial district, I have heretofore held that such confessions of judgment may be set aside by the assignee for the benefit of creditors, and this view has been fully sustained by the supreme court of the United States in *White* v. *Cotzhausen,* 129 U. S. 329, 9 Sup. Ct. Rep. 309; and, where the assignee refuses to bring the proper action, a creditor may bring it in aid of the assignment, for the action is not adverse to the assignment, and no exclusive right is acquired by the creditor suing, and hence there is no need that he should be a judgment creditor with his remedy at law exhausted.　The fruits of the recovery do not inure to him; they are to be distributed under the assignment or according to law.

It appears in this action that the plaintiff requested the assignee to bring an action to set aside the confessions of judgment, and to recover from the sheriff the moneys that officer had realized on the executions; and it further appears by sufficient proof, *prima facie,* that the preferences given by the confessions of judgment amount to more than one-third of the assets of the assigned estate; that is to say, in the figures as given in the testimony some thousands of dollars in value of goods were sold under the executions, and only a few hundred dollars in all of assets have been realized by the assignee, and that amount in book-accounts seems to be all that was left after the judgments were enforced.　Judgment is directed for the plaintiff.　Findings may be handed in, and the form of decree presented for settlement on two days' notice to defendants' attorney.　The notice may be given for June 10, at 10:30 A. M.

[1]Sweetser v. Smith, 5 N. Y. Supp. 378; Spellman v. Jaffray, 6 N. Y. Supp. 570.