SELIGMAN TRIER et al., Appellants, *v.* EDWARD HERMAN et al., Respondents.

A judgment rendered upon service of summons and complaint and an offer of judgment, where the practice is regular, the claim an honest one and the proceedings *bona fide*, may not be set aside at the suit of another creditor on the ground that this method was adopted for the purpose of avoiding the statutory requirements in case of judgment by confession.

The creditor has an absolute right to pursue either of the methods prescribed by statute for obtaining judgment, *i. e.:* 1. By service of summons and taking judgment upon trial or by default. 2. By service of summons and complaint and obtaining an offer of judgment from defendant. (Code of Civil Pro. § 738.) 3. By procuring a statement as required, and thereupon entering judgment by confession. (Code, § 1273 *et seq.*) It is no objection that one of these methods was adopted in order to avoid another.

*White* v. *Cotzhausen* (129 U. S. 329) distinguished.

Reported below, 44 Hun, 489.

(Argued June 19, 1889; decided June 25, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1887, which affirmed a judgment in favor of defendants, entered upon an order sustaining a demurrer to plaintiffs' complaint.

This action was brought by plaintiffs, as judgment-creditors of defendant Tuska, to vacate a judgment obtained against him by defendants Herman.

The complaint alleged, in substance, that the judgment in favor of Tuska was entered upon service of summons and complaint and an offer of judgment served on the same day the complaint was served; that the object of procuring judgment in this form was to evade the statute; that a portion of the cause of action was a promissory note, the consideration for which was not set forth in the complaint relating to judgments by confession, as to setting forth the consideration of the claim upon which judgment is sought; that the judgment was, in effect, a judgment by confession, and so was void for want of such statement.

*Alex Blumenstiel* for appellants. If this was a confession of a judgment it would be void to the extent of the amount included in the promissory note, as it does not set forth the consideration of the debt. (*Chappelle* v. *Chappelle,* 12 N. Y. 215, 217, 218, 221; *Bunts* v. *Sheflin,* 5 Civ. Pro. 415; *Plummer* v. *Plummer,* 7 How. 62; *Marshall* v. *Upton,* 10 id. 494; *Hoppock* v. *Donaldson,* 12 id. 141; *Dunham* v. *Waterman,* 17 N. Y. 914; *Miller* v. *Earl,* 24 id. 112; *Von Keller* v. *Muller,* 3 Abb. 375; *Ray* v. *Lawson,* 9 id. 380; *Eli* v. *Cook,* 2 Hilt. 506; *Boydon* v. *Johns,* 11 How. 503; *Ganville* v. *Finn,* 13 id. 418; *McDowell* v. *Daniels,* 38 Barb. 143; *Bunnell* v. *Henry,* 13 How. 142.) Where it is apparent that the object of obtaining a judgment upon an offer and acceptance is to evade the requisites necessary under a confession of judgment, such judgment, although in form by offer and acceptance, is equally void where the complaint fails to state the consideration of the claim upon which it is founded. (*Budenbacher* v. *Mason,* 16 How. 203; 24 id. 163, 164; *Ross* v. *Bridge,* 15 Abb. 150, 153; *Beers* v. *Wheeler,* 11 Hun, 539, 541; *Moses* v. *McDavitt,* 88 N. Y. 62; *Everson* v. *Gehrman,* 10 How. 301; *Bannerman* v. *Quackenbush,* C. P. Gen. T., Daily Reg., April 16, 1886.)

*George H. Yeaman* for respondents. In case of an offer by a defendant in an action to allow judgment to be taken against him, neither the complaint nor the offer need contain any such statement as is required in a confession without action. (*Ross* v. *Bridge,* 15 Abb. 153; 24 How. 163; *Beards* v. *Wheeler,* 11 Hun, 541, 542; 76 N. Y. 213, 215.)

Earl. J. A creditor may obtain a judgment against his debtor in either one of three ways: (1.) He may serve a summons in an action and take judgment after a trial or by default, and he must pursue the regular practice to that end. (2.) He may serve a summons and complaint and obtain an offer of judgment from the defendant, and upon that enter judgment under section 738 of the Code; and if he adopts that course, he must pursue the practice prescribed; or (3), he may obtain a

judgment by confession in the manner provided in sections 1273, etc., of the Code. He has the statutory right to pursue either of these methods. He may pursue one for the express purpose of avoiding the others, because the statute gives him the absolute choice. If his practice is regular and his claim and proceedings are honest and *bona fide,* no court will deprive him of the advantage his judgment will give him. He cannot compel his debtor to give a confession of judgment, and if he cannot obtain one, he must pursue one of the other methods.

Here there is no claim that defendants' practice was irregular, or that the debt for which judgment was taken was not actually due, or that there was any fraud or bad faith practiced upon anyone.

This case is unlike that of *White* v. *Cotzhausen* (129 U. S. 329), because in that case there was but one statute regulating the matter, and that was violated ; and it is more like the case of *Beards* v. *Wheeler* (11 Hun, 539 ; 76 N. Y. 213.)

For these reasons, and those expressed more at large in the opinion of the General Term, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.