JAMES G. KITCHEN, Appellant, *v.* SAMUEL S. LOWERY *et al.* Respondents.

*Supreme Court, Fourth Department, General Term, July* 20, 1889.

*Creditor's action.*—A judgment creditor, who does not have a judgment and execution until after a general assignment, cannot maintain an ac-tion to set aside a prior chattel mortgage as fraudulent on the ground of its non-filing, as long as the assignment is valid, as the assignment constitutes a prior and better title which is entitled to a preference ; and this is the case even though the assignee may himself have no power to maintain such an action.

Appeal from a judgment entered upon the decision of the court, dismissing the complaint.

The action is brought to set aside, as fraudulent and void as against the plaintiff, a general assignment made by the defendants, Samuel S. and George M. Lowery, and also two chattel mortgages made by them, one to the defendant Sheard, and the other to the defendant Nora K. Lowery.

The defendants, Samuel S. and George M. Lowery, were partners under the firm name of S. S. Lowery & Son. On the 6th day of October, 1885, the plaintiff duly recovered against them a judgment for $3,764.02, and on the 10th of

October, 1885, another judgment for $1,473.67, upon which executions in due form were issued and returned unsatisfied before the commencement of this action, which was on the 13th of October, 1885.

The debts upon which the judgments were recovered accrued between the 1st day of October, 1884, and the 23d day of August, 1885.

On the 24th of December, 1883, the firm executed and delivered to the defendant Sheard a chattel mortgage on certain machinery and other personal property owned by them of the value then of about $20,000, to secure him for his accommodation indorsements for the firm. This mortgage was not filed until August 24, 1885.

Upon the giving of this mortgage Sheard began and continued at the request of the Lowerys to indorse paper for the firm, and in May 1885, he indorsed for them three notes, one dated May 2, 1885, for $5,000, payable at four months ; one dated May 16, 1885, for $2,000, payable at four months ; and one for $8,000, dated May 16, 1885, at three months. Each of these notes were protested at maturity, and Sheard afterward took them up, paying the full amount, and has never been repaid.

On the 1st of September, 1884, the firm executed and delivered to the defendant Nora K. Lowery a chattel mortgage on the same property, which was not filed until August 24, 1885, after Sheard's mortgage, to which, by its terms, it was made subordinate. This mortgage was given to secure actual indebtedness from the firm to said Nora, no part of which debt has been paid. Both of these mortgages are found to have been given and taken in good faith and without any intent to hinder, delay or defraud creditors. There was no change of possession of the property mortgaged, but it remained in the possession and control of the mortgagors until the 24th of August, 1885, when they made a general assignment of all their property to one Bartlett in trust for the benefit of creditors. This

was recorded on the same day, but after the filing of the mortgages. The debt to Nora K. Lowery is preferred in the assignment, it being therein stated that she holds as collateral security the chattel mortgage above referred to, subject, however, to a prior mortgage to Sheard.

The assignors delivered to the assignee all their property, including that covered by the chattel mortgages, and in the inventory and schedules afterwards made and filed by them it was stated that the debts to Sheard and to N. K. Lowery were secured by the two mortgages and that the property described in the mortgages was incumbered by the said two mortgages, and in the recapitulation, under the head of reductions to be made from actual value for liens precedent and superior to assignment, the chattel mortgages are stated.

The mortgaged property remained in the possession of the assignee until about October, 1885, when Nora K. Lowery advertised and offered it for sale under her mortgage but received no bids. In November, 1885, Sheard took the property under his mortgage, advertised and sold it at public auction on 19th November, 1885, for about $8,000. This taking and sale was without the consent of the assignee who forbade it and claimed the property under the assignment free from the liens of the mortgages. The assignee has never been requested by any of the creditors to bring an action to avoid the mortgages, and has never refused to do so.

It is found that the assignment was made in good faith and without any intent to hinder, delay or defraud creditors, and that the assignors did not then know when the mortgages were filed or that there had been any neglect in the filing, or the effect of such neglect. The court held that the mortgages were valid as to the mortgagors, that the assignment was valid, that the plaintiff by his judgments and executions did not acquire any lien upon or right against the property covered by the mortgages, and

that, although they were void under the statute against the debts of the plaintiff for non-filing, the plaintiff is not in a position to attack them under the statute, and has no right to have the mortgaged property applied to the payment of his judgments.

*D. C. Stoddard,* for appellant.

*A. M. Mills,* for respondent Sheard; *Everett & Lewis,* for respondent N. K. Lowery ; *W. A. Matteson,* for respondent Harvey, as assignee.

MERWIN, J.—It was held by the court below that, as long as the assignment was valid, the plaintiff was not in a position to maintain an action to set aside the chattel mortgages. This proposition was distinctly held in the case of Sullivan *v.* Miller (40 Hun, 516). A rule somewhat analogous was held in McCarthy *v.* Kelly (12 N. Y. Week. Dig. 539). That was an action for conversion. The plaintiffs held under a chattel mortgage given to them on the 29th of May, 1866, but not filed till December 6, 1866. The defendant, as sheriff, justified under attachments against the mortgagor, obtained by creditors as against whom the chattel mortgage was void for want of filing. Before the obtaining of the attachments, and after the filing of the mortgage, the mortgagor made a general assignment, giving the plaintiffs a preference for the liability due them after applying the proceeds of the property covered by the mortgage, and providing that nothing therein contained should affect their rights under the mortgage. After the assignment, and before the levy under the attachments, the plaintiffs took possession of the property. It was held that the issue was, whether the assignment was fraudulent, and that this was a question of fact for the jury, and that although the object may have been to prefer a debt and secure its payment through the instrumentality of a void mortgage, that

act was not, *per se*, fraudulent, the debt not being fictitious. The inference would be, that if a mortgagor, by an honest assignment, disposed of the property before the creditor acquired a lien, such disposition would end the right of the creditor. Were it not for the assignment, an attaching creditor could assert the right. Siedenbach *v.* Riley, 111 N. Y. 567.

In Wheeler *v.* Lawson (103 N. Y. 40), it was held that a levy on an execution upon a judgment recovered against an assignor, after a general assignment, was no justification to an action of trespass brought against the sheriff by a mortgagee under a chattel mortgage who, after the assignment, took possession under his mortgage, although, by reason of the non-filing of the mortgage, it was void as against the plaintiff in the judgment and execution. The rule laid down in Spring *v.* Short (90 N. Y. 538), was applied. There it was held that a judgment creditor who did not have judgment and execution until after a general assignment, could not maintain an action to set aside a prior mortgage as fraudulent, as long as the assignment was not attacked, it being said that the assignment constituted a prior and better title which is entitled to a preference.

The Sullivan Case was affirmed in the court of appeals (106 N. Y. 635), but upon another ground. It was, however, said by RUGER, Ch, J., that the general creditors of a mortgagor of chattels have no right to assail a mortgage, or other conveyance of property made by him, as invalid, until they have secured a lien thereon by levy under a judgment and execution, or by some other method acquired a legal or equitable interest in the property. In Southard *v.* Benner (72 N. Y. 424), it is said that, until a creditor by simple contract has a judgment and a lien, or a right to a lien upon the specific property, he is not in a condition to assert his rights by action as a creditor. If the assignment is valid and becomes operative before any proceeding by the creditor, there is nothing left upon which the

creditor can make a claim, or in which he can acquire an interest, or upon which he has any right to a lien.

But it is said that the assignee cannot attack the mortgage for non-filing, and that, therefore, the right must be in the creditor. Assume the premise to be correct, does the conclusion follow ? The statute only makes the mortgage void ; it does not affect the debt. The debtor has the right to pay, or to prefer in the assignment, if there is no fraud about it. If the debt is paid, the creditor has no claim after the assignment on the property covered by the mortgage, except as he may have it under the assignment. If the debtor can pay or prefer, it makes no difference in the result to the general creditor whether it is done by allowing the mortgage to be enforced or by applying funds from other sources.

If the statute of 1858 is not broad enough to permit the assignee to attack a chattel mortgage for non-filing, that is hardly sufficient ground for changing a well-settled rule as to the enforcement of creditors' claims. When this action was commenced the property was in the possession of the assignee. The plaintiff could not then, or after it was taken by Sheard, have reached it by execution according to the rule laid down in the Wheeler Case, above cited.

In view of the adjudications above referred to, we are of the opinion that the special term correctly held that the plaintiff was not in a position to maintain the action unless he could have the assignment set aside. In this contingency the appellant claims that the assignment and schedules afterwards filed, by reason of the recitals in them, are confirmatory of the chattel mortgages ; that the assignment, by reason of this confirmation, cannot be executed without devoting the mortgaged property to their payment, and that, therefore, it should be set aside as interfering with the right of plaintiff to take advantage of the non-filing, and, therefore, fraudulent as against the plaintiff.

We think this contention cannot be sustained. The debts

were not fictitious and the debtor had a right, by an assignment, to make perferences. The manner of preference may be a circumstance on the question of fraud, and that is a question of fact disposed of by the court below.

Its finding on that question should not be disturbed. The duty of filing was not on the debtors; their act or failure did not give the plaintiff any rights. According to the evidence, they knew nothing of the creditor's neglect.

There is nothing, therefore, in the recitals from which it can be said, as matter of law, that the assignment was fraudulent or invalid, or that would require that inference as a matter of fact. There is nothing in the recitals that would interfere with any rights the assignee might have under the law of 1858. Whether an assignee has any right under the statute to take advantage of the non-filing of a chattel mortgage is not here for decision.

This action is not brought in aid of the assignment.

These considerations lead to an affirmance of the judgment, with costs.

MARTIN, P. J., and CHURCHILL, J., concur.