SMITH *v.* PRYOR *et al.*

(*City Court of New York, General Term.* October 31, 1889.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where the evidence is conflicting, and the verdict does not indicate passion, prejudice, or corruption, a judgment entered thereon will not be disturbed.

Appeal from special term.

Action by Charles G. Smith against S. Morris Pryor and others. From a judgment entered on verdict in defendants' favor, and from an order denying a new trial, plaintiff appeals.

Argued before McADAM, C. J., and EHRLICH and HOLME, JJ.

*Saunders, Webb & Worcester,* for appellant. *Lowrey, Stone & Auerbach,* for respondents.

PER CURIAM. To reverse this judgment would imply that the plaintiff ought to have had a verdict in his favor as of course. The difficulty is that the plaintiff was not necessarily entitled to a verdict. The trial judge would not have been justified in directing a verdict in the plaintiff's favor. There were several questions of fact that the trial judge had to submit to the jury, and upon which they were required to pass. These were submitted without exception. Among the other questions was one whether the plaintiff's assignor did not agree that he was to be governed in his transactions with the defendants by the rules and regulations of the Consolidated Exchange,—or        which was that if, after the sale of any stock by defendants, there w        discrepancy or trouble in connection with the delivery thereof, th        ants had the right, within 10 days thereafter, to return the certificate        k, and declare the sale off. There was trouble about the delivery of .        ock sold by the defendants. The purchaser refused to accept it, on the gro .nd that it was not stock of the "Standard Mining Company," located in California,—a marketable security, listed on the exchange,—but stock of a company bearing a similar name, located in Colorado, not listed, and having no marketable value. The defendants evidently believed they were selling the listed "Standard" stock, and not that which was unknown in the market; and the purchaser evidently acted under the same supposition. So far as they were concerned, it was clearly a case of mutual mistake; and the sale was properly declared off. Whether the plaintiff was in any way responsible for the mistake is not clear. The evidence was that of interested witnesses, whose testimony had to go to the jury, and they were to say what credence was to be given to it. In addition to this, the rules of the exchange in regard to discrepancy or trouble in the delivery seem to be sufficiently broad to cover the mistake in question, which made all the trouble respecting the delivery to the purchaser. The jury, no doubt, weighed the evidence, and came to a conscientious conclusion, and reached a result they had a right to arrive at. Their verdict does not evidence passion, prejudice, or corruption, and is sufficiently sustained by the evidence.

We have examined the proofs, and are satisfied that the verdict is not against the evidence, or the weight of evidence, nor are we willing to say that we would have reached a different result. Upon the entire case, it follows that the judgment and order denying the motion for a new trial, both of which were appealed from, must be affirmed, with costs.