GEORGE RALPH, Jr., Respondent, *v.* THOMAS BRICKELL *et al.*, Appellants.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

*Assignment for creditors. Preference.*—A preference of a firm debt by one partner, in an assignment of his individual property, does not make the assignment void.

Appeal from judgment entered in Oswego county, April 15, 1889, upon report of referee, setting aside as fraudulent and void a general assignment made by Brickell to Wilcox.

On the 6th of March, 1884, the plaintiff duly recovered a judgment against the defendant Brickell for $656.41 damages and costs, for rent due upon a lease given by plaintiff to Brickell on July 16, 1881.

On August 4, 1881, Brickell and one W. S. Gardner entered into an arrangement whereby it was agreed that they would conduct and carry on a grocery business as copartners in the store covered by the lease under the firm name of W. S. Gardner & Co., Gardner to be paid for his personal services in the management thereof the sum of fifteen dollars per week and one-third of the net profits of the business, if any, but not to be liable for any losses in the business. Under this agreement, the business was carried on in the firm name of W. S. Gardner & Co., until on or about July 1, 1883, Brickell contributing all the capital and Gardner contributing his services under the arrangement.

The business was a losing one, and there were no profits, and Gardner received nothing, and was entitled to nothing, but the fifteen dollars per week. During all this time Brickell was in the employ of Francis H. Legget & Co., a wholesale grocery house of New York city, traveling and selling goods

for them under the arrangement that he was to have for his services one-third of the net profits on the goods sold by him, all losses and expenses of every kind on the sales made by him to be first deducted in arriving at the net profits. During the time W. S. Gardner & Co. conducted business, the firm of Francis H. Legget &. Co., through Brickell, sold and delivered to W. S. Gardner & Co. goods from time to time, and on July 1, 1883, the firm of W. S. Gardner & Co., upon such sales, was indebted to the firm of Francis H. Legget & Co. in about the sum of $1,465.54. At that date W. S. Gardner assigned to Brickell all his interest in the firm of W. S. Gardner & Co., and in the goods and business of the firm, Brickell agreeing, as the consideration of the sale, to assume and pay all the firm debts.

This transfer and agreement was in writing. Shortly after this, and on 10th July, 1883, Brickell executed to the defendant, Wilcox, a general assignment for the benefit of creditors, in which he preferred; first, the debt to Francis H. Legget & Co., then a debt to Thomas Kingsford of $100.24, and the debt of plaintiff, and after that his other debts to be paid *pro rata.* The assets amounted to about $1,200.

The foregoing facts were found by the referee, and he also found, as matter of fact, that the purchase. of Gardner's interest by Brickell was made in good faith and without any intent to hinder, delay or defraud creditors of the firm, and that the general assignment of Brickell " appropriates all the property of the assignor to the payment of debts for which he is liable in one capacity or another, and the same must stand, unless it be fraudulent in law, because of the distribution of the assets in the payment of debts contrary to law by the preferential appropriation of the individual property of Brickell to the payment of the firm debts of W. S. Gardner & Co., to the prejudice of the plaintiff." The referee then held, as matter of law, that, by the transfer from Gardner to Brickell, the firm property became the individual property of Brickell, and that he had no right, as against his indi-

vidual creditors, to prefer a firm creditor, and upon that ground declared the assignment void as against plaintiff, an individual creditor. The defendant duly excepted. It further appears in the case that all the property that passed under the assignment was what remained of the firm property. The case does not contain all the evidence.

*D. P. Morehouse*, for appellants.

*H. C. Benedict*, for respondent.

MERWIN, J.—The referee, in his findings of fact, in effect negatives the existence of any cause for setting aside the assignment, except such as may be inferred as matter of law by reason of the preference of the firm creditor, so that, if the referee was not correct in his conclusion on this subject, the judgment cannot be supported. It would not be warranted by the facts found. Stoddard *v.* Whiting, 46 N. Y. 627. Upon such facts it would be erroneous. Collender *v.* Phelan, 79 N. Y. 366.

The question then is, can one partner, by a general assignment, devote his individual property to the payment of a firm debt?

A court of equity, in the distribution of equitable assets, applies the rule that, as between the joint and separate creditors of partners, the partnership property is to be first applied to the payment of the partnership debts and the separate property of the individual partners to the payment of their separate debts. Meech *v.* Allen, 17 N. Y. 301. In Matter of Gray, 111 N. Y. 404, this rule was applied to the distribution of the assets of a deceased partner in the hands of his administrator. In Wilson *v.* Robertson, 21 N. Y. 587, it was held that the appropriation, in a general assignment by an insolvent firm, of partnership property to the payment of the individual debts of one part-

ner, avoids the assignment at the suit of the firm creditors. Such an assignment assumes to appropriate the share of one partner to the payment of debts that neither he nor his property is liable for. No case is cited showing that a like rule applies to the case of an assignment by one partner of his individual property for the payment of firm debts, except the case of Jackson v. Cornell, 1 Sandf. Ch. 348. In that case it was held by Vice-Chancellor Sandford, in 1844, that such an assignment preferring the firm creditors to the exclusion of the individual, was fraudulent and void as to the latter. On the other hand there are many cases laying down a contrary rule. In Kirby v. Schoonmaker, 3 Barb. Ch. 46, decided in 1848, it was said by Chancellor Walworth that copartners may assign their individual as well as their partnership property to pay the joint debts of the firm, thereby giving the creditors of the firm a preference over the separate creditors. This doctrine was followed in Van Rossum v. Walker, 11 Barb. 237, where the question was directly met and passed upon. It was approved by Judge ALLEN in O'Neil v. Salmon, 25 How. 252. There are several other cases to the same effect. Becker v. Leonard, 42 Hun, 224; Haynes v. Brooks, 42 Hun, 528; Smith v. Perine, 17 N. Y. State Rep. 226. In Crook v. Rindskopf, 105 N. Y. 476 it is said in reference to a general assignment, that it is lawful for an insolvent member of a firm to devote his individual property to the payment of firm debts or to any debt owing by him to his partners to the exclusion of his individual creditors, and no inference of fraud can legally be derived from such disposition.

It thus seems to be well settled on authority that a preference of a firm debt by one partner in an assignment of his individual property does not make the assignment void.

Partners, as between themselves, have an equitable right to have the partnership property applied first to the payment of the partnership debts and in certain circumstances this enures to the benefit of the creditors of the firm and is some-

times called a lien. Saunders *v.* Reilly, 105 N. Y. 12. There is no such lien as between the separate partners and their individual creditors. SELDEN, J., in Meech *v.* Allen, *supra.* Each partner can therefore, as long as he has control of his property, use it to pay either class of debts, for he is under legal obligation to pay both. BROWN, J., in Hurlbert *v.* Dean, 2 Keyes, 104.

The general rule adopted by courts of equity when distribution is made by the court does not apply to voluntary dispositions by partners themselves that are in other respects good.

It follows that the referee erred in his legal conclusion.

In the present case, it is at least doubtful whether as against the plaintiff the debts preferred are not to be deemed individual debts of the assignor. As between the assignor Brickell and the retiring partner Gardner, Brickell by assuming and agreeing to pay the firm debts became the principal debtor and individually liable, and Gardner was simply a surety. Colgrove *v.* Tallman, 67 N. Y. 95. Gardner certainly had the right to have the assumed debts treated as the individual debts of Brickell and it is not clear that the plaintiff has any better position, especially in view of the fact that all the property assigned by Brickell was firm property at the time of the dissolution. Be this as it may, the conclusion reached on the other branch of the case is fatal to the judgment.

Judgment reversed upon the exceptions and a new trial ordered, costs to abide the event.

HARDIN, P. J., and, MARTIN, J., concur.

---

### NOTE ON "PREFERENCES IN GENERAL ASSIGNMENTS."

A resident of a state, where a preferential assignment is forbidden, can make such in this state. Smedley *v.* Smith, 15 Daly, 421.

The fact that an assignment contains preferences is no objection to its validity. Servis *v.* Holwede, 58 Hun, 602.

Note on " Preferences in General Assignments."

A preferential provision must be positively shown to be beneficial to the assignor, to avoid the assignment on this ground. Kennedy v. Wood, 52 Hun, 46.

Preference of a debt assumed by the assignor's firm, whether to creditor or promisee, is not fraudulent. Smith v. Smith, 60 Hun, 579.

A preference in an assignment for creditors, of the accommodation maker of a note, does not follow his note, but attaches only to the amount paid by him. Reubens v. Drake, 20 N. Y. St. Rep. 46.

A preferential assignment to pay certain creditors and restore the balance is void as against the unpreferred creditors. Sutherland v. Bradner, 116 N. Y. 410 ; aff'g 39 Hun, 134.

As to when an assignment for creditors is not rendered void by a previous mortgage to the wife of the assignor. Smith v. Perine, 121 N. Y. 376.

It is proper for an assignor to provide, in the assignment for any deficiency on the foreclosure of such mortgage. Id.

A preference, in an assignment, of a note given for money borrowed for, and recognized by the firm, is not proof of a fraudulent intent. Lewis v. Bache; Same v. Cohn, 28 N. Y. St. Rep. 405.

A preference of a firm note to a partner in a general assignment by the firm does not render it void. First Nat. Bk. v. Wood, 128 N. Y. 35.

Preferences, under chap. 503 of 1887, held, in this case, not to render assignment void. Chambers v. Smith, 60 Hun, 248.

The assignor cannot prefer the individual note of a partner, though the proceeds went into the firm business. Id.

A gift to the wife, in contemplation of assigning, will, it seems, avoid the assignment. Id.

A preference, in a general assignment, of a firm note given for a partner's indebtedness, but assumed by the firm when solvent upon sufficient consideration, is, in the absence of actual fraud, not unlawful. Nordlinger v. Anderson, 123 N. Y. 544 ; aff'g 53 Hun, 630.

The preference of a renewal note of a former firm, on which both members were liable, does not invalidate the assignment. Roberts & Co. v. Vietor, 54 Hun, 461.

An individual debt cannot lawfully be preferred in a firm assignment. Smith v. Clarendon, 53 Hun, 636.

As to when an individual creditor does not have a preference over the firm creditors in the assets of a partner. Mills v. Parkhurst, 56 Hun, 640.

The preference of a firm debt by a partner does not invalidate the assignment. Ralph v. Brickell, 54 Hun, 638.

When an assignment for creditors is rendered void by previous acts done to give an unlawful preference to certain of the assignor's creditors. Manning v. Beck, 54 Hun, 102.

That an assignment prefers just debts secured by an unfiled chattel mortgage, does not avoid it. Kitchen v. Lowery, 53 Hun, 638 ; affirmed, 127 N. Y. 53.

Transfers and confessions of judgment, in anticipation of making a general assignment, and intended to evade the statutory limit upon preferences, are void. Kessel v. Drucker, 23 Abb. N. C. 1. If the assignee fails in his duty to sue to set aside such preferences, a creditor, though without judgment, may do so. Id.

Where a claim which was preferred in a general assignment was paid and receipted for including compound interest computed without knowledge of its illegality, such payment and receipt were held not to be fraudulent as to creditors. Peyser v. Myers, 45 N. Y. St. Rep. 413. The payment is good as to the portion exclusive of the compound interest. Id.

A valid indebtedness of a husband to his wife may properly be preferred in his general assignment. Lyon v. Davis, 56 Hun, 648; Kittredge v. Van Tassell, Id. 648.

A gift by the assignor to his wife, when not indebted, cannot be applied to reduce his subsequent preferred debt to her. Matter of Parker, 55 Hun, 604.

In Nichols v. Wellings, 61 Hun, 601, the wife of the assignor was preferred in an assignment for creditors for money loaned. The assignor had given her moneys from time to time for housekeeping purposes. From the surplus of such moneys the loans mentioned were made. There was no agreement between them that she should be entitled to such surplus, except in one instance and then only as to a part thereof. It was held that such preference rendered the assignment inoperative and void as against creditors.

A preference, in an assignment for creditors, of the husband for his salary as agent, does not invalidate it in the absence of actual fraud. Third Nat. Bk. v. Guenther, 123 N. Y. 568.

An agreement by the wife to support the family entered into when perfectly solvent, without fraudulent intent, may be lawfully performed, and is not a ground for requiring reimbursement from the husband. Id.

An assignor may prefer his children to the extent of the trust funds received and lost by him in his business. Cohen v. Morehouse, 50 Hun, 605.

A preference for more than one-third of the estate, created in a separate instrument, but in contemplation of a general assignment, is prohibited by the statute. Berger v. Varrelmann, 127 N. Y. 281; aff'g 58 Hun, 611.

The debtor may direct the application of one third of the net proceeds towards the claim of one preferred creditor, before they can be applied to the payment of a second preferred creditor. Matter of Boyd, 35 N. Y. St. Rep. 37; Matter of Tuller, 22 Id. 243; Matter of Sisson, 59 Hun, 330.

Only one-third of net balance, after deducting the wages of employes and costs and expenses of executing the trust, is applicable to preferred debts. Matter of Tuller, 22 N. Y. St. Rep. 242.

Preferences are to be paid *pro rata* in case of insufficiency. Id.

Where the creditors are preferred in successive clauses, they have preference among each other according to order of these respective clauses. Matter of Eaton, 58 Hun, 84. All in same class must share *pro rata*. Id.

The wages of an employe, for which notes are given, which are negotiated and subsequently repurchased, are not entitled to a preference under an assignment for creditors by the employer. Matter of Spencer *v.* Hodgmen, 57 Hun, 490.

Where excessive preferences are the result of fraudulent intentions to evade the law, they cannot be sustained to the extent authorized by statute. Manning *v.* Beck, 59 Hun, 615.