FIRST NAT. BANK OF JERSEY CITY *v.* BARD *et al.,* (four cases.)

*(Supreme Court, General Term, First Department.* July 18, 1890.)

**1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—CONFESSION OF JUDGMENT.**
The single circumstance that a judgment is confessed at or about the time of the execution of a general assignment does not alone warrant the conclusion that the confessed judgment is a part of the assignment.

**2. APPEAL—RECORD—EVIDENCE.**
Where the record does not show that it contains all the evidence, the findings of the lower court on questions of fact will not be reviewed on appeal.

Appeal from special term, New York county.

Four actions by the First National Bank of Jersey City against Frederick B. Bard individually, and as assignee of Clarke, Radcliffe & Co. and others, to determine the validity of certain confessed judgments in favor of the defendants Kenyon, Carter, Shepard, and Walker; all of which actions were tried together by consent. Judgment in favor of the defendants, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Hamilton Wallis,* for appellant. *Lucian Oudin,* for respondent Kenyon. *Warren W. Foster,* for respondents Carter, Shepard, and Walker.

BARTLETT, J. The omission to insert in the case on appeal any statement that it contains all the evidence prevents us from considering the interesting and important points made in the argument of the appellant against those portions of the judgments which are appealed from. *Porter* v. *Smith,* 107 N. Y. 531, 14 N. E. Rep. 446. The appellant attacks the confessed judgments in favor of the several respondents on the ground that they, together with the general assignment to the defendant Bard, constituted a single instrument, executed in pursuance of one scheme or device to withdraw the property of Clarke, Radcliffe & Co. from the reach of the creditors of that firm, and thereby hinder, delay, and defraud such creditors. But the trial court refused to find this proposition, and, on the contrary, did find as matter of fact that the judgments were not confessed for the purpose of hindering, delaying, or defrauding creditors, but were in all respects fair and just. The single circumstance that a judgment is confessed at or about the same time that the debtor executes a general assignment does not, of itself, standing alone, and irrespective of the other facts connected with the transaction, necessarily require the conclusion that the confessed judgment is a part of the assignment. All that *White* v. *Cotzhausen,* 129 U. S. 329, 344, 9 Sup. Ct. Rep. 309, decides is that under under the proof in that case the conveyances, bill of sale, confession of judgment, and other transfers made by the debtor, pursuant to an understanding previously reached, were in effect a preferential assignment forbidden by the laws of Illinois. There, also, there was an express finding that the confession of judgment was made without adequate consideration, and with intent to hinder, delay, and defraud creditors, both of which propositions are negatived in the case at bar.

We cannot say that the findings of fact made by the trial court are wholly without support in the proof, nor can we inquire as to whether they are against the weight of evidence, without being assured that all the evidence is before us. Our attention is called to the absence of the requisite certificate by one of the counsel for the respondents, and the omission may not be disregarded. For these reasons the judgments should be affirmed, with costs of one appeal. All concur.