BERGER *et al. v.* VARRELMANN *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—VACATING JUDGMENT.

Immediately before making a general assignment for the benefit of creditors, the assignors confessed a judgment in favor of the father of one of them, they and he knowing that the amount of such judgment was more than one-third of the assets of the firm. *Held,* that a judgment setting aside such confession, as made in contemplation of the assignment and as part thereof, for the purpose of unduly preferring the creditor, contrary to Laws N. Y. 1887, c. 503, which restricts such preferences to "one-third in value of the assigned estate," should be sustained, although there was no finding of fact that when the debtors confessed the judgment, they contemplated making the assignment.

Appeal from special term, New York county.

Action by Paul M. Berger and others against Henry Erdtmann, Gustave Varrelmann, and others, to set aside a judgment confessed by said defendants Erdtmann and Varrelmann to defendant George E. Varrelmann. From a judgment for plaintiffs entered on trial by the court without a jury, defendant George E. Varrelmann appeals.

Laws N. Y. 1887, c. 503, provides: "In all general assignments of the estates of debtors for the benefit of creditors hereafter made, any preference created therein (other than for the wages or salaries of employes  *  *  *) shall not be valid except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust."

Argued before BRADY and DANIELS, JJ.

*Salomon, Dulon & Sutro, (Rudolf Dulon,* of counsel,) for appellant. *Frederick W. Hinrichs,* for respondents.

BRADY, J.   This appeal rests upon the findings alone, no requests to find having been submitted.   The action was brought by the plaintiffs as judgment and simple creditors of the firm of W. & H. Erdtmann, consisting of Henry Erdtmann and Gustave Varrelmann, in aid of the general assignment of that firm, to set aside as in fraud of such assignment a confessed judgment of the firm to the defendant George E. Varrelmann, the father of Gustave, dated April 29, 1889.   It appears that on the afternoon of April 29, 1889, the firm of Erdtmann & Varrelmann made a general assignment to the defendant Kracht with preferences, which was recorded on the 2d of May, 1889.   On the afternoon of the same day, and immediately prior to the execution and delivery of the general assignment and while the firm was absolutely insolvent, they confessed a judgment to George E. Varrelmann, the father, as suggested, of one of the members of the firm.   It is found and not questioned that, at the time of the confession of the judgment and the making of the assignment, the firm and their creditor to whom the judgment was given were all well aware that a sale under an execution would absorb much more than one-third of the assets of the firm, the entire value of which was not three times the amount thereof; but, on the contrary, payment of said judgment at the time would have absorbed much more than one-third of such property.   The learned presiding justice before whom the case was tried in the court below found that the judgment mentioned, execution, and levy were made in contemplation of the assignment and as part thereof for the purpose of unduly preferring the judgment creditor, and to prevent the assets of the firm from going into the hands of their assignee to be distributed according to the terms of the assignment; that the judgment, execution, and levy were in fraud of the assignment, and void; and that the assets levied upon or their proceeds should be paid over to the assignee Kracht.   The judgment of the learned presiding justice rests upon the established legal proposition that confessions of judgments made with intent to avoid the statute as to preferences in as-

signments are void. There is nothing presented upon this appeal to limit in any manner the rule laid down, or to relieve the appellant from its force and · destructiveness. It is suggested, it is true, that it is not found as a fact that when the firm confessed the judgment they contemplated making the assignm·nt, which is sufficiently answered by referring to the fact that both acts of confession and assignment were perpetrated on the same day, the judgment having been confessed immediately prior to the execution and delivery of the assignment. · The fact, therefore, springs out of the circumstances attending the two performances, and is so plainly written upon the transaction that he who runs may read. The confession was in violation of the statute against preferences. Section 30, c. 303, Laws 1887; *Spellman* v. *Freedman*, 7 N. Y. Supp. 698; *Wilcox* v. *Payne*, 8 N. Y. Supp. 407. See, also, *Manning* v. *Beck*, 7 N. Y. Supp. 215; also *Kessell* v. *Drucker*, 6 N. Y. Supp. 945; *Turnbull* v. *Cohen*, N. Y. Daily Reg. June 18, 1889; *Abegg* v. *Schwab*, 7 N. Y. Supp. 46; affirmed, 9 N. Y. Supp. 681, (April 8, 1890.)

The appellant can derive no advantage whatever from the adjudication of *Trier* v. *Herman*, 115 N. Y. 163, 21 N. E. Rep. 1034. That case relates to the right of a creditor to obtain a judgment against his debtor in any one of three modes; but, although it seems to be favorable to him, it is burdened with the observation that, "if his practice is regular and his claim and proceedings are honest and *bona fide*, no court will deprive him of the advantage his judgment will give him." The judgment creditor's practice in this case was not regular. It was not *bona fide*; because it is expressly found that he knew when he obtained his judgment that he would secure an undue advantage which is an unlawful advantage under the statute, and thus violate the statute to which reference has been made. For these reasons the judgment appealed from must be affirmed, with costs.