Hatch, J.
—Plaintiff is a judgment creditor of Nathan F. and Livingston J. Lyman, co-partners in the business of retail grocers-in the city of Buffalo, said firm having succeeded to a like business carried on by Nathan and a deceased brother, William G. Lyman. Defendant is the mother of the persons who constituted said firm, and from time to time has advanced moneys to carry on said business, both before and after the death of William. Upon the formation of the last named firm, it assumed the debts of the old firm, including defendant’s. Said firm finding itself unable to pay its debts, and desiring that defendant should be repaid the moneys advanced by her, confessed the judgment which is sought to be set aside herein, upon which execution was issued and levied upon the stock of goods owned by the firm, being their entire property. No question is raised but that the debt upon which judgment was confessed was a bona fide debt to the full amount of the judgment confessed. It is, howéver, claimed that as the firm was insolvent, unable to pay its debts in full, the confession of judgment and the levy thereunder evidenced an intention to surrender dominion and control over all their property, and thus to secure to one creditor a preference .over the other creditors, and that" such act is in violation of the provisions and spirit of the act with respect to general assignments by insolvent debtors for the benefit of creditors; that the confession of judgment is in legal effect a general assignment, as the result is an absorption of all the property owned by the debtors.
If this doctrine is to obtain, it very seriously cripples a vigilant creditor, with a debt due, in securing his pay, and practically nullifies some of the remedies authorized by law, among which is obtaining judgment by confession, and offer; if, at the time, the debtor be in failing circumstances, at least such is quite likely to be its. effect, to the extent that a preference is prohibited by the act. It-is certain that the act itself does not, in terms, prohibit a creditor having a bona fide debt from making use of all the remedies provided by law to secure his pay. No case is found where the statute has been held applicable to such a state of facts. It is only where the judgment confessed, or the transfer of property is made, accompanied by a general assignment, or so closely attending it, that the whole is to be regarded as one transaction and a part of the assignment, that the provision of the act is offended.
This judgment is in all respects regular in form, and such remedy is authorized by law. Code, § 1278.
In Knapp v. McGowan, 96 N. Y., 86, Earl, J., says: “That any creditor, whether solvent or insolvent, may, acting in good faith, mortgage a portion or the whole of his property, to secure one or more of his creditors for any indebtedness, cannot be doubted.’’ If the creditor may secure by mortgage, he can secure by any other remedies authorized by law. And where the claim *290 is just and bona fide, no court will deprive a person of the right to enforce a judgment regularly obtained. Trier v. Herman, 115 N. Y., 163; 24 N. Y. State Rep., 552.
In the following cases the courts have held that a confession of judgment, or other instrument, which secures to the creditor all the debtors property, in the absence of a general assignment, made at or so near the time as to be said that all is a part of one scheme, is not within the provisions of the act, and is not void as providing for an unlawful preference. Stein v. Levy, 29 N. Y. State Rep., 87; Boessneck v. Cohn, 7 N. Y. Supp., 622; 26 N. Y. State Rep., 969.
The reasoning in Spellman v. Friedman, 27 N. Y. State Rep., 302, I think leads to the same result, i, e.: That when the confession of judgment is independent of the assignment, or none is made, and it is based upon a valid debt then due, it will be upheld.
This view is in harmony with a decision of the same court in First National Bank of Jersey City v. Bard, 10 N. Y. Supp., 634; 32 N. Y. State Rep., 1010, where the court held that a judgment by confession does not necessarily make it a part of a general assignment, even though confessed at or about the time of the assignment, but that regard must be had to other circumstances, and if the judgment was not confessed for the purpose of hindering, delaying or defrauding creditors, and was supported by a just debt, it could be upheld as independent of the assignment In the present case no assignment was made, and the judgment possesses none of the elements of a general assignment. Brown v. Guthrie, 110 N. Y., 441; 18 N. Y. State Rep., 311. Counsel for plaintiff relies upon White v. Cotzhausen, 129 U. S., 329.
It is not to be denied that much of the reasoning contained in the opinion delivered in that case, supports plaintiff’s contention, for the evidence herein shows that the levy made covered the debtors' entire property and that they contemplated surrendering their property and retiring from business; yet, notwithstanding this fact the courts of this state have distinguished it in its application to a state of facts similar to those now under consideration.
In First National Bank of Jersey City v. Bard, supra, stress is laid upon the fact that in the While case there was a finding that the judgment there confessed was without adequate consideration and that it was confessed with intent to hinder, delay and defraud creditors. None of these elements existed in the Bank case, and they are not found here.
In Trier v. Herman, 115 N. Y., 163; 24 N. Y. State Rep., 552, Judge Earl in speaking of the White case, and upholding the judgment then under consideration, says: “ There was but one statute regulating the matter, and that was violated.” As before observed the reasoning in Spellman v. Friedman, supra, also distinguished and limits the White case, as already pointed out. I am aware that the doctrine of the latter case has been quoted with approval in Manning v. Beck, 26 N. Y. State Rep., 483, but in that case, the facts were entirely different *291 from those now under consideration, as the court found that the transfer and assignment were a part of one scheme. The White case was an appeal from the state of Illinois, and construed the provisions of the state’s insolvent act which prohibited preferences. It followed and construed the decisions of the state court basing its decision substantially upon the case of Preston v. Spaulding, 120 Ill., 208, and was decided in January, 1889.
Subsequent decisions in the same state have not only not followed it, but have expressly repudiated its doctrine. Farwell v. Nilsson, 24 H. E. Rep., 74, decided March 31, 1890.
The court there held that a failing debtor may give judgment notes, although all his property be taken upon execution to satisfy the judgments, and that such notes were not assigments, nor within the provisions of the act. This was precisely the same security held bad in the White case. See Hanford v. Prouty, 24 H. E. Rep., 565, where the Preston case is distinguished. Id., 569. These cases seem to establish that the doctrine here contended for has never obtained in the state of Illinois, notwithstanding the language of the White case. It seems quite clear that the facts now before us are distinguishable from those before the court in the latter case, and -that the decisions of the courts of this state have regarded such distinction of fact as sufficient to remove this case from the application of the doctrine therein announced. As this view must now obtain, judgment is ordered in favor of defendant, dismissing plaintiff’s complaint, with costs.